### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**JAMES DUREN; ANN DUREN;**
**J.J.'S TRUCK STOP, INC.; and**
**AL'S TRUCK STOP OF MALVERN, INC.**                    **PLAINTIFFS**

v.                          **No. 4:09-cv-713-DPM**

**E.I. DUPONT DE NEMOURS AND**
**COMPANY**                                             **DEFENDANT**

### ORDER

The Court has been working on the jury instructions. It will give its own versions of the preliminary and intermediate instructions proposed by the parties. They are substantially similar. The final instructions are in pretty good shape, but we need to do some more work, particularly on the elements-of-damages instructions and the interrogatories. Is what we've all been calling loss-of-sale damages really just a species of lost profits — the profit lost from the failed prospective sale? The Court's first working draft of the final instructions is attached. Counsel should be prepared to talk more on these issues at the end of the day on Monday.

So Ordered.

*D.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

6 July 2012

## INSTRUCTION NO. 1

Members of the Jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions on the law that applies to this case. The instructions I am about to give you now are in writing and will be available to you in writing in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions.

The faithful performance of your duties as jurors is essential to the administration of justice.

It is my duty as judge to inform you of the law applicable to this case by instructions, and it is your duty to accept and follow them as a whole, not singling out one instruction to the exclusion of others. Again, all my instructions, whether given in writing or spoken from this bench, must be followed. You should not consider any rule of law with which you may be familiar unless it is included in my instructions. Neither are you to be concerned with the wisdom of any rule of law as stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other

view of the law other than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

It is your duty to determine the facts from the evidence produced in this trial. You are to apply the law as contained in these instructions to the facts and render your verdict upon the evidence and law. You should not permit sympathy, prejudice, or like or dislike of any party to this action or of any attorney to influence your findings in this case.

In deciding the issues you should consider the testimony of the witnesses and the exhibits received in evidence. The introduction of evidence in court is governed by law. You should accept without question my rulings as to the admissibility or rejection of evidence, drawing no inferences that by these rulings I have in any manner indicated my views on the merits of the case.

Opening statements, remarks during the trial, and closing arguments of the attorneys are not evidence but are made only to help you in understanding the evidence and applicable law. Any argument, statements, or remarks of attorneys having no basis in the evidence should be disregarded

by you. When the lawyers on both sides stipulate or agree on the existence of a fact, however, the Jury must—unless otherwise instructed—accept the stipulation and regard that fact as proved.

I have not intended by anything I have said or done, or by any questions that I may have asked, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness who testified. If anything that I have done or said has seemed to so indicate, you will disregard it.

**[AGREED]**

Source: Hybrid of AMI 103 and 8th Circuit Model Instruction 3.01

## INSTRUCTION NO. 2

In considering the evidence in this case, you are not required to set aside your common knowledge, but you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life.

**[AGREED]**

Source: AMI 104

## INSTRUCTION NO. 3

You are the sole judges of the weight of the evidence and the credibility of the witnesses. In deciding the credibility of any witnesses and the weight to be given their her testimony, you may take into consideration their demeanor while on the witness stand, any prejudice for or against a party, their means of acquiring knowledge concerning any matters to which they testified, any interest they may have in the outcome of the case, and the consistency or inconsistency of their testimony, as well as its reasonableness or unreasonableness.

**[AGREED]**

Source: AMI 105

## INSTRUCTION NO. 4

An expert witness is a person who has special knowledge, skill, experience, training, or education on the subject to which his testimony relates.

An expert witness may give his or her opinion on questions in controversy. You may consider the expert's opinion in the light of his or her qualifications and credibility, the reasons given for the opinion, and the facts and other matters upon which the opinion is based.

You are not bound to accept an expert opinion as conclusive, but should give it whatever weight you think it should have. You may disregard any opinion testimony if you find it to be unreasonable.

**[AGREED]**

Source:  AMI 107

## INSTRUCTION NO. 5

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

**[AGREED]**

Source: AMI 108

## INSTRUCTION NO. 6

You will remember that certain [schedules] [summaries] [charts] were admitted in evidence. You may use those [schedules] [summaries] [charts] as evidence, even though the underlying documents and records are not here. [However, the [accuracy] [authenticity] of those [schedules] [summaries] [charts] has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.]

**[DISPUTED - depends on proof]**

Source:  8th Circuit Model Instruction 2.10B

## INSTRUCTION NO. 7

The rights of James and Ann Duren, J.J.'s Truck Stop, Inc., and Al's Truck Stop of Malvern, Inc., are separate and distinct, and you will treat their claims as if they were separate suits. You should consider the evidence and the instructions that apply to each party's claim. Some evidence and some instructions may apply to more than one claim.

**[Court's modification of agreed instruction]**

Source: AMI 109

## INSTRUCTION NO. 8

A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**[AGREED]**

Source: *Missouri Pacific Railroad Co. v. Foreman*, 194 Ark. 490, 107 S.W.2d 546 (1937).

## INSTRUCTION NO. 9

A party who has the burden of proof on a proposition must establish it by a preponderance of the evidence, unless the proposition is so established by other proof in the case. "Preponderance of the evidence" means the greater weight of the evidence. The greater weight of evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence that, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If, upon any issue in the case, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

**[AGREED]**

Source: AMI 202

### INSTRUCTION NO. 10

Dupont admits that it was negligent in handling the tanker truck.  The company also admits that JJ's (the truck stop) and Al's (the restaurant) lost some profits because of the tanker incident.  The amount of lost profits is disputed.  JJ's and Al's must each prove by a preponderance of the evidence how much profit was lost.  You may award damages for any profits lost during the four days that the businesses were closed and for any profits lost after the businesses reopened.  But all damages awarded must have been proximately caused by the tanker incident.

The Durens contend that they would have sold all their stock in JJ's and Al's to the Edmisten Group at a profit had the tanker incident not occurred.  The Durens also contend that the tanker incident was the proximate cause of this deal falling through.  Dupont contends that the prospective sale would not have occurred in any event.  Dupont also contends that the tanker incident did not proximately cause the deal to fall apart.  The Durens must prove by a preponderance of the evidence that the tanker incident undermined a prospective sale that would otherwise have been completed.

The Durens must also prove by a preponderance of the evidence how much profit they would have made from the prospective sale but lost.

**[MODIFIED BY COURT]**

## INSTRUCTION NO. 11

The law frequently uses the expression "proximate cause," with which you may not be familiar. When I use the expression "proximate cause," I mean a cause that, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.

[This does not mean that the law recognizes only one proximate cause of damage. To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause.]

**[DISPUTED AS TO BRACKETED PARAGRAPH ONLY - Depends on Proof]**

Source:  AMI 501

## INSTRUCTION NO. 12

If you find that the tanker incident proximately caused the Durens to lose a sale of their business that would otherwise have occurred, then you must decide what amount of money today will fairly and reasonably compensate them for the profit they would have realized from the sale. Any award should put the Durens in no better position than they would have been in if the sale of their businesses had been consummated. The Durens are entitled to recover what the Edmisten Group would have paid, minus the stock's fair market value at the time, plus [and minus] other appropriate adjustments.

You must consider:

- The Durens still own all the stock in JJ's and Al's;

- The fair market value of the stock in J.J.'s and Al's on 7 March 2012;

- The amount the Edmisten Group was prepared to pay for the stock in J.J.'s and Al's had the prospective sale been completed;

- [Any other adjustments supported by proof of interim circumstances.]

**[Court-modified instruction — Consider the cases and principles discussed in Professor Brill's treatise at § 30:11 in an analogous situation.]**

## [INSTRUCTION NO. 13]

[If you find that the tanker incident proximately caused the Durens to lose a sale of their business that would otherwise have occurred, then in assessing the Durens' damages for the loss of the potential sale, you are to consider that a person whose business is damaged must use ordinary care to avoid damages. DuPont has the burden of proving that the Durens failed to use ordinary care to avoid damages and the amount of damages that might have been avoided in the exercise of ordinary care.]

**[DISPUTED]**

Source:  AMI 2230 (Mitigation of Damages - Real and Personal Property

## [INSTRUCTION NO. 14]

[When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence in this case. It is for you to decide how a reasonably careful person would act under those circumstances.]

**[DISPUTED]**

Source:  AMI 303

## INSTRUCTION NO. 15

If you find that the tanker incident proximately caused J.J's (the truck stop) to lose profits that it would have otherwise earned, then you must decide what amount of money today will compensate J.J.'s for that loss. You must consider the value of any lost profits. Whether these damages have been proved by the evidence is for you to determine.

**[Omit in light of No. 10?]**

## INSTRUCTION NO. 16

If you find that the tanker incident proximately caused the Al's (the restaurant) to lose profits that it would have otherwise earned, then you must decide what amount of money today will compensate Al's for that loss. You must consider the value of any lost profits. Whether these damages have been proved by the evidence is for you to determine.

**[Omit in light of No. 10?]**

## INSTRUCTION NO. 17

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you all here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without going against what you believe to be the truth, because all jurors have to agree on the verdict. Each of you must come to your own decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision just because other jurors think it is right, or simply to reach a verdict. Remember that you are not for or against any party. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me, through Officer _____, that is signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should never tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Again, nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**[AGREED]**

Source: Modified 8th Circuit Model Instruction 3.06

## INSTRUCTION NO. 18

This case is submitted to you on Interrogatories or questions. Your answers to these questions will be your verdict in this case. The questions are:

1. How much lost profit at JJ's (the truck stop) was proximately caused by the tanker incident?

$\$$_____

2. How much lost profit at Al's (the restaurant) was proximately caused by the tanker incident?

$\$$_____

3. Did the tanker incident proximately cause the Durens to lose the prospective sale of JJ's and Al's to the Edmisten Group?

_____ Yes               _____ No

If you answered Question 3 "yes," then answer Question 4.  If you answered question 3 "no," then your work is done.


4. What amount of money will fairly and reasonably compensate the Durens today for the profit the Durens would have realized from the lost prospective sale?

$\$$_____


_____

Foreperson

_____

Date and Time

You will take these Questions to the jury room, and when each of you has agreed on the answers, your foreperson will fill in each Question that you are called upon to answer to reflect your unanimous decision, sign and date them, and then advise the Court Security Officer that you are ready to return to the Courtroom.

I add the caution that nothing said in the instructions — nothing in the form of the Questions prepared for your convenience — is or was intended to suggest or convey in any way or manner any intimation as to what answers I think you should find. How you choose to answer the Questions shall be the sole and exclusive responsibility of you, the Jury.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the Court Security Officer, signed by your foreperson, or by one or more members of the Jury. No member of the Jury should ever attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the Jury on any subject touching the merits of the case, other than in writing, or orally here in open Court.

You will note from the oath about to be taken by the Court Security Officer to act as bailiff that he, and all other persons, are forbidden to communicate in any way or manner with any member of the Jury on any subject touching the merits of the case. Bear in mind also that you are never to reveal to any person, not even to the Court, how the Jury stands, numerically or otherwise, on the issues presented to you unless or until you reach a unanimous verdict.

Officer _____, do you solemnly swear to keep this Jury together in the jury room, and not to permit any person to speak to or communicate with them, concerning this case, nor to do so yourself unless by order of the Court or to ask whether they have agreed on a verdict, and to return them into the Courtroom when they have so agreed, or when otherwise ordered by the Court, so help you God?

**[COURT]**