IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES DUREN; ANN DUREN;
J.J.'S TRUCK STOP, INC.; and
AL'S TRUCK STOP OF MALVERN, INC.            PLAINTIFFS

v.            No. 4:09-cv-713-DPM

E.I. DUPONT DE NEMOURS AND
COMPANY; SENTINEL TRANSPORTATION,
LLC; and JOHN DOES 1-10            DEFENDANTS

## JUDGMENT

The Court has, in earlier orders, dismissed with or without prejudice all of the Plaintiffs' claims against all Defendants except Plaintiffs' negligence claim against DuPont for business-interruption damages and loss-of-sale damages. *Document Nos. 81 & 127*. The Court now enters judgment accordingly on those prior orders.

Before trial, DuPont admitted liability on the negligence claim for any damages proximately caused by the tanker incident. *Document No. 126*. The parties tried the remaining pieces of the negligence claim—proximate cause and damages—to a twelve-person jury from 9 July 2012 to 13 July 2012. At the close of Plaintiffs' case, DuPont moved for judgment as a matter of law as to the lost-sale part of the negligence claim. The Court denied the motion.

Plaintiffs also moved for judgment as a matter of law on both the lost-sale and business-interruption aspects of their negligence claim. The Court denied that motion too. At the close of all the evidence, DuPont renewed its motion for judgment as a matter of law. The Court denied the motion in part and took the motion under advisement in part.

After deliberations, the jury returned its verdict on July 13th. It reads:

### VERDICT

1. How much lost profit at J.J.'s (the restaurant) was proximately caused by the tanker incident?

$ __28,829.83__

2. How much lost profit at Al's (the truck stop) was proximately caused by the tanker incident?

$ __197,800.00__

3. Did the tanker incident proximately cause the Durens to lose the prospective sale of the stock of J.J.'s and Al's to B.C. Edmisten and his investors?

_____ Yes        __✓__ No

If you answered Question 3 "yes," then answer Question 4. If you answered question 3 "no," then your work is done.

> 4. What amount of money will fairly and reasonably compensate the Durens today for the profit, if any, the Durens would have realized from the lost prospective sale of the stock in J.J.'s and in Al's?
>
> $ __0__

__/s/ Alisha Crane__
Foreperson

__7/13  1:35p__
Date and Time

*Document No. 138.* In light of the jury's verdict, the Court denied the parts of DuPont's renewed motion for judgment as a matter of law taken under advisement as moot.

On the negligence claim, the Court enters judgment on the jury's verdict for J.J.'s Truck Stop, Inc., and against DuPont for $28,829.83 and postjudgment interest as provided by law. The Court also enters judgment on the jury's verdict for Al's Truck Stop of Malvern, Inc., and against DuPont for $197,800.00 and postjudgment interest as provided by law. Last, based on the jury's verdict, the Court dismisses James and Ann Duren's claim against DuPont with prejudice. Postjudgment interest will accrue at 0.20% per

-3-

annum from today's date until the judgments are paid.  28 U.S.C. § 1961(a)-(b).

While DuPont triumphed on the alleged loss-of-sale damages, the Court concludes that, considering the case as a whole, J.J.'s and Al's are prevailing parties entitled to Rule 54(d)(1) costs.  If the parties cannot agree on those costs, then J.J.'s and Al's should document and move for them by 3 August 2012.

*signature*

D.P. Marshall Jr.
United States District Judge

*19 July 2012*